D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICK GUILLERMO VALLE,

                         Plaintiff,

                                                                               **OPINION & ORDER**
              -against-                                       10-CV-2847 (SJF)(AKT)

POLICE DEPARTMENT COUNTY OF SUFFOLK
CENTRAL RECORDS,
                        Defendant.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

I.     Introduction

      Before the Court is the complaint of incarcerated *pro se* plaintiff Erick Guillermo Valle ("plaintiff") together with an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed without prejudice.

II.    The Complaint

      Plaintiff has filed a "complaint under the Constitution ("Bivens" Action), Title 28 Section 1331(a) U.S. Code" against the Suffolk County Police Department, for "violating his constitutional rights by denying him access to his father's Jose Miguel Valle's homicide

investigation reports."(Complaint at 1-2.) Although not named as defendants, plaintiff also "seeks compensation against the homicide detectives assigned to his father's murder investigation . . . ." *Id.* at 2. Plaintiff contends that the detectives failed to properly investigate his father's murder over the past twenty-two (22) years because his father was not a U.S. citizen and was in the United States illegally, and that as a result the police department has put him and his family "through a great deal of pain and suffering." *Id.* at 2-3. Plaintiff now seeks an award of one hundred million dollars ($100,000,000) and full access to his father's murder investigation file.[1]

III. Discussion

A. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys,

---

[1] The Court notes that to the extent the *pro se* plaintiff seeks to assert claims on behalf of other family members, he is barred from doing so. See Berrios v. New York City Housing Authority, 564 F.3d 130, 133 (2d Cir. 2009)(citing Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

2

and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

B.  Police Department, County of Suffolk Central Records

Plaintiff names "Police Department, County of Suffolk, Central Records" as the sole defendant in this action. Complaint at 1. However, the police department is an administrative arm of Suffolk County and thus lacks the capacity to be sued as a separate entity. Hill v. U.S. Attorney's Office, No. 08-CV-1045, 2009 WL 2524914, at *2 (E.D.N.Y. Aug. 14, 2009) (citing Toomer v. County of Nassau, No. 07-CV-1495, 2009 WL 1269946, at *1 n.1 (E.D.N.Y. May 5, 2009)); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued)). Accordingly, plaintiff's complaint against the Suffolk County Police Department is dismissed with prejudice and the Court construes the complaint as against Suffolk County. See

Hill, 2009 WL 2524914, at *2. The Clerk of the Court is directed to so amend the caption.

    C.    Bivens Action

It is well-established that Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) permits recovery of money damages for injuries suffered as a result of actions by federal officers who violate a person's constitutional rights while acting under the color of federal law." Id. at 396; see also Baptiste v. Warden At Ottisville, FCI New York, 09 Civ. 5523, 2010 WL 3185748, at *4 (S.D.N.Y. Aug. 11, 2010). Here, the sole defendant is Suffolk County. Given that plaintiff's complaint does not allege the deprivation of any constitutional right by a federal officer, his "Bivens action" is unsupported by law. Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted.

    D.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15. When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, leave to amend may be properly denied for "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

Notwithstanding plaintiff's *pro se* status, upon a liberal reading of the instant complaint, there is simply no indication that a valid federal claim might be stated by plaintiff against the defendant. Accordingly, the Court declines to grant leave to further amend the complaint and directs that the complaint be dismissed and the case closed. Plaintiff may pursue any valid claim he may have against this defendant in state court.

E. Bar to Further Filing pursuant to 28 U.S.C. 1915(g)

This is the fourth *pro se in forma pauperis* complaint brought by plaintiff and each of his complaints have been dismissed for failure to state a claim upon which relief may be granted. See Valle v. Doria, et al., No. 10-CV-3189 (E.D.N.Y. filed July 2, 2010); Valle v. Micro Research Technologies, Inc., et al., No. 10-CV-2909 (E.D.N.Y. filed June 21, 2010); Iglesias v. Fed. Defenders of New York, et al., No. 08-CV-2072 (E.D.N.Y. filed May 13, 2008). These dismissals are considered for the purposes of § 1915(g). See Polanco v. Hopkins, 510 F.3d 152, 155-56 (2d Cir. 2007) (*per curiam*). Accordingly, in accordance with 28 U.S.C. § 1915(g), plaintiff is barred from pursuing further relief in federal court at public expense in the absence of allegations that he is "under imminent danger of serous physical injury. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a[n *in forma pauperis*] civil action . . . if the prisoner has, on

3 or more prior occasions, while incarcerated . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

IV. Conclusion

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed without prejudice with leave to pursue any valid claim against the defendant in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

10/7/10

CASE CLOSED

Dated: October 7, 2010
Central Islip, New York